IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

DARRELL AMOS TAITE                                                                            PETITIONER

VERSUS                                                           CIVIL ACTION NO. 5:10-cv-154-DCB-MTP

BRUCE PEARSON, Warden                                                                        RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner Taite, an inmate at the Federal Correctional Institute (FCI)-Yazoo City, Mississippi, filed on September 29, 2010, this civil action pursuant to 28 U.S.C. § 2241. Having reviewed the petition [1] and memorandum of law [2] filed by Petitioner, the Court has made the following decision.

Background

Petitioner was convicted by a jury of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine in the United States District Court for the Southern District of Alabama and was sentenced on August 14, 1995, to 360 months. See Pet. [1] at 3. Petitioner's conviction was subsequently affirmed by the United States Court of Appeals for the Eleventh Circuit in 1996. See Pet. [1] at 3. He then filed in the Southern District of Alabama a motion to vacate pursuant to 28 U.S.C. § 2255 in 1997, and it was subsequently denied in 1998. See Mem. [2] at 4. However, his federal sentence of 360 months was reduced to 292 months as a result of the Southern District of Alabama granting his motion filed pursuant to 18 U.S.C. § 3582. Id.

Petitioner's sentence he received in the Southern District of Alabama was enhanced based on a 1991 state court conviction for second degree robbery conviction. See Mem. [2] at 4. When

his 1991 state court conviction for second degree robbery was vacated by the Alabama state court in 2004, Petitioner then, through retained counsel, filed in the Southern District of Alabama a request to reopen his 1995 federal sentencing. Id. However, the Southern District of Alabama denied his request. Id. Petitioner states that he has "not sought or obtained a certificate from the Eleventh Circuit to bring a second such motion." Id.

In the instant petition [1], Petitioner states that he is entitled to habeas relief pursuant to 28 U.S.C. § 2241 because he is "being held unlawfully due to a vacated prior state conviction that was used to enhance his federal sentence." According to Petitioner, his 1995 criminal conviction in the United States District Court for the Southern District of Alabama was enhanced based on a 1991 state court conviction which was later vacated in 2004 by the Circuit Court of Escambia County, Alabama. See Pet. [1] at 4 and Mem. [2-1] at 2. Petitioner contends that his sentence "was enhanced without a valid 'factual basis,' yet he remains incarcerated pursuant to that sentence." See Pet. [1] at 4. Therefore, as a result of this "unauthorized sentence," Petitioner has filed the instant request for habeas relief arguing that he should be released immediately. See Mem. [2] at 8.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448,

451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S.,106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

The ground upon which Petitioner bases the instant habeas petition is a challenge to the sentence he received for being found guilty of conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine. As such, the instant petition "must either be dismissed or construed as a section 2255 motion," Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000), unless the petitioner "can satisfy the mandates of the so-called § 2255 'savings clause,'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[1]

Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000). The United States Court of Appeals for the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Id. (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Likewise, the Fifth Circuit has determined that the inability to meet the AEDPA's second or successive requirement does not make § 2255 inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001)(citing Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000)).

---

[1] 28 U.S.C. § 2255 states as follows:
An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

In order to determine when the savings clause of § 2255 should apply to a claim, the United States Court of Appeals for the Fifth Circuit has articulated a test and has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement.  See Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001). The Fifth Court held the savings clause of § 2255 to apply to a claim:

> (1) when the claim is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and
>
> (2) that claim was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. at 904.  The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law."  Id. at 903.

To meet the first prong of the Reyes-Requena test, Petitioner must be relying on a decision by the United States Supreme Court which was retroactively applied establishing that the petitioner was convicted of a nonexistent crime.  Reyes-Requena, 243 F.3d at 904.  Petitioner does not assert that he is actually innocent of the underlying crime for which he was convicted, conspiracy to possess with intent to distribute crack cocaine and possession with intent to distribute crack cocaine.  The claims of the instant civil action clearly relate to Petitioner's sentence, not to his conviction.  Petitioner argues that his sentence was enhanced without a valid "factual basis."  See Pet. [1] at 4.  In Kinder v. Purdy, 222 F.3d 209, 213-14 (5th Cir. 2000), the United States Court of Appeals for the Fifth Circuit held that a claim of being actually innocent of a sentence enhancement was not properly raised in a § 2241 action.  See also Hartfield v. Joslin, 235 Fed. App'x 357, 358, 2007 WL 2376707, @ * 1 (5th Cir. 2007)(being actually

innocent of the sentence enhancement does not meet requirements of the savings clause).[2]

Therefore, under the circumstances of the instant petition, Petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. As discussed, Petitioner's claims do not meet the stringent requirements of the savings clause and therefore, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

As stated above, § 2241 is not the proper forum to assert Petitioner's claims. Consequently, this § 2241 petition will be dismissed with prejudice as to the jurisdictional issues and dismissed without prejudice regarding all other issues. See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the  7th  day of December, 2010.

                                                    s/ David Bramlette
                                                UNITED STATES DISTRICT JUDGE

---

[2] The Petitioner's recourse to challenge his sentence is to file his request for relief in the sentencing court. See United States v. Nichols, 30 F.3d 35, 36 (5th Cir. 1994)(stating when a state conviction that formed the basis of career offender status is invalidated after federal sentencing the appropriate relief sought is pursuant to a Section 2255 motion to correct sentence); United States v. Weathersby, 958 F.2d 65, 66 (5th Cir. 1992)(providing that a Section 2255 motion must be filed in the court where the petitioner was convicted and sentenced).